UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY LAMAUR HILL,

    Plaintiff,

v.                                          CASE NO. 8:23-cv-2134-SDM-NHA

CENTURION, LLC, et al.,

    Defendants.
_____/

**ORDER**

Hill's complaint alleges that the defendants violated his Eighth Amendment rights while he was imprisoned in the Zephyrhills Correctional Institution ("ZCI"). Hill moves for leave to proceed *in forma pauperis*. (Doc. 2) The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit under this standard. Hill must file an amended complaint.

Hill asserts that ZCI medical staff have denied him proper medical care and provides the following examples: (1) when he arrived at ZCI in 2021 he was

diagnosed as having high blood pressure but the medical staff did not prescribe him medication; (2) in February 2021 he fell, injuring his hip, but medical staff (a) waited three months to X-ray his hip and (b) failed to have an ambulance transport him to the hospital for internal bleeding after having three positive tests for blood in his stool; and (3) in May 2023 he was diagnosed as having both gout and diabetes and needed special diabetic shoes but Centurion has failed to provide the special shoes. Hill alleges that these failings amount to medical malpractice. Hill moves (Docs. 3 and 4)[1] "to sue [for] 1.2 million dollars in violations of 8th Amendment medical care and malpractice . . . ."

The present complaint is insufficiently pleaded because medical malpractice is a form of negligence, and negligence is not actionable under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 330 31 (1986) (holding that plaintiff must allege more than negligence to state a claim under Section 1983); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (holding that alleged negligent failure of prison official to protect one inmate from another inmate states no claim under Section 1983); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that neither an accident nor a defendant's negligence is sufficient to state a claim).

A state has the constitutional obligation to provide adequate medical care — not mistake-free medical care — to those in confinement. *Adams v. Poag*, 61 F.3d 1537 (11th Cir. 1995), *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989). "Accidents,

---

[1] The first paper is handwritten and the second paper is a typed copy of the first paper.

mistakes, negligence, and medical malpractice are not 'constitutional violations merely because the victim is a prisoner.'" *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment [actionable] under [Section 1983]." *Estelle v. Gamble*, 429 U.S. at 106. "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . . ." 429 U.S. at 107. *Accord Wallace v. Hammontree*, 615 F. App'x 666, 667 (11th Cir. 2015) ("Claims concerning the doctor's medical judgment, such as whether the doctor should have used another form of medical treatment or a different diagnostic test, are inappropriate claims under the Eighth Amendment.").

Instead, an inmate is protected from deliberate indifference to a serious medical need. In analyzing a claim of deliberate indifference to a serious medical need, a court must focus on two components: "whether evidence of a serious medical need exists; if so, whether the defendants' response to that need amounted to deliberate indifference." *Adams v. Poag*, 61 F.3d at 1543. These two components are explained further in *Gilmore v. Hodges*, 738 F.3d 266, 274 (2013):

> A plaintiff must first show an objectively serious medical need that, if unattended, posed a substantial risk of serious harm, and that the official's response to that need was objectively insufficient. *See Bingham v. Thomas*, 654 F.3d 1171, 1175–76 (11th Cir. 2011). Second, the plaintiff must establish that the official acted with deliberate indifference, *i.e.*, the official

> subjectively knew of and disregarded the risk of serious harm, and acted with more than mere negligence.

See also *Clas v. Torres*, 549 F. App'x 922 (11th Cir. 2013)[2] ("For a prisoner to state an Eighth Amendment inadequate medical treatment claim under § 1983, the allegations must show (1) an objectively serious medical need; (2) deliberate indifference to that need by the defendant; and (3) causation between the indifference and the plaintiff's injury."); *Wallace*, 615 F. App'x at 667 (11th Cir. 2015) ("Medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'") (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)).

The fact that Hill is proceeding *pro se* does not excuse his failure to comply with the basic pleading requirements imposed by the federal rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*) (noting that while a *pro se* complaint "is held to a less stringent standard than a pleading drafted by an attorney[,] . . . [it] must still suggest that there is at least some factual support for a claim") (citation omitted).

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

Additionally, Hill can pursue a claim against neither Rhonda Davis (as administrator for the Florida Department of Corrections ("DOC") ) nor the DOC directly. The basis for Hill's claim against both is the denial of relief under the DOC's grievance process. "[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Thomas v. Warner*, 237 F. App'x 435, 437–38 (11th Cir. 2007). *See also Baker v. Rexroad*, 159 F. App'x 61, 62 (11th Cir. 2005) (holding that a prison inmate grievance procedure is not constitutionally required and that a prison official's failure to take corrective action upon the prisoner's filing of a grievance amounts to no violation of due process), and *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). A prison official's failure to process a grievance is not actionable under Section 1983. *Thomas*, 237 F. App'x at 438 ("Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim."). Moreover, the DOC is not an independent legal entity subject to suit.

Hill must file an amended complaint, which must be complete because an amended complaint supersedes the original complaint and, as a consequence, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009). *See Fritz v. Standard Sec. Life Ins. Co.*,

676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint."). *See also Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an amended complaint). In other words, the amended complaint must state each claim without reliance on allegations in the earlier complaint.

Also, Hill is advised that, if he fails either to move for an extension of time or to file an amended complaint within the time allotted, this order dismissing the initial complaint will become a final judgment. *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

Defendants Rhonda Davis and the Florida Department of Corrections are **DISMISSED** from this case. The complaint (Doc. 1) is **DISMISSED** for failing to state a claim, but the dismissal is **WITHOUT PREJUDICE** to the filing of an amended complaint within **THIRTY (30) DAYS**. The failure to timely file an amended complaint will result in the dismissal of this action without further notice.

The clerk must send to Hill the required civil rights complaint form.  The motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.  The motions (Doc. 3 and 4) for monetary damages are **DENIED AS MOOT**.

\* \* \* \*

### A CAUTION TO MR. HILL

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint.  Therefore, Hill is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on January 31, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE